IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DR. LUIS G. GUILLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | CIVIL NO: 03-cv-4236-JPG |
| ) | |
| SOUTHERN ILLINOIS HOSPITAL ) | |
| SERVICES, D/B/A MEMORIAL ) | |
| HOSPITAL OF CARBONDALE, A ) | |
| CORPORATION; GEORGE MARONEY; ) | |
| WILLIAM M. SHERWOOD; ) | |
| JOHN DOE; JANE DOE; JOHN SMITH ) | |
| and JANE SMITH, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Dr. Luis G. Guillen's motion to voluntarily dismiss this case without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) (Doc. 82) and on the defendants' motion for sanctions pursuant to 28 U.S.C. § 1927 (Doc. 80).

**I.      Motion to Dismiss (Doc. 82)**

Rule 41(a)(2) provides that only the Court may dismiss an action after an adverse party has filed an answer or motion for summary judgment or in the absence of a stipulation of dismissal of an entire case from all the parties.  The Court may also impose such terms and conditions as it deems proper, and normally those terms and conditions include paying the defendants' expenses incurred in defending the suit, including attorney's fees.  *Marlow v. Winston & Strawn*, 19 F.3d 300, 303 (7th Cir. 1994).  Ordinarily, however, the fee award should only reimburse the defendant for work that would not be useful in subsequent litigation of the same claim.  *Cauley v. Wilson*, 754 F.2d 769, 772 (7th Cir. 1985).  If the terms and conditions are too onerous for the plaintiff, he may withdraw his motion and proceed with the case.  *Marlow*, 19 F.3d at 304.

Guillen asks the Court to dismiss this case without prejudice, and the Court finds that such dismissal is appropriate, but with conditions. As a condition of dismissal without prejudice, the Court will require Guillen to pay the defendants' costs of this litigation to the extent that the work cannot be used for future litigation. The Court has reviewed the progress of this case and has determined that such costs are expenses for (1) preparing the Final Pretrial Order, (2) preparing for and attending the Final Pretrial Conference, (3) reviewing and responding to Guillen's *pro se* motions and (4) litigating matters directly related to Guillen's request to voluntarily dismiss this case. The Court **ORDERS** the defendants to file a bill of costs, including attorney's fees, for such matters on or before March 17, 2006.

The Court will also give Guillen an opportunity to avoid that condition in either of two ways should he deem it too onerous. The Court **ORDERS** that Guillen shall have up to and including March 21, 2006, to either (1) file an amended motion to withdraw requesting that the dismissal be with prejudice, in which case the Court will dismiss the case with prejudice and without imposing the aforementioned condition, or (2) file a motion to withdraw his motion to dismiss, in which case this matter will proceed on the schedule established in the Court's February 23, 2006, order. The Court notes that if Guillen chooses the second option, he will not be allowed to call witnesses or present evidence at trial because he did not submit the required witness and exhibit list by March 3. The Court further notes that if Guillen chooses the second option, the deadline for responding to the motion for summary judgment remains March 17, and the Court may construe a failure to file a timely response as an admission of the merits of the motion pursuant to Local Rule 7.1(c).

## II.     Motion for Sanctions (Doc. 80)

The defendants have requested an award of sanctions under 28 U.S.C. § 1927, which allows the Court to sanction an attorney "or other person admitted to conduct cases" in court for unreasonably

and vexatiously multiplying the proceedings in a case. *See IDS Life Ins. Co. v. Royal Alliance Assocs., Inc.*, 266 F.3d 645, 653 (7th Cir. 2001). Circuits are split on whether § 1927 sanctions can be imposed on *pro se* litigants, and the Seventh Circuit Court of Appeals has not decided the issue. *See Alexander v. United States*, 121 F.3d 312, 316 (7th Cir. 1997). However, rather than wade into waters uncharted by the authorities of this circuit, the Court declines to award sanctions under § 1927. The Court notes that Guillen was represented by counsel for nearly the first two years of this litigation, and to the extent that his conduct was unreasonable or vexatious during that time, it is unclear whether it was his or his attorney's doing. Furthermore, shortly after his attorney's withdrawal in November 2005, the record reflects that Guillen unsuccessfully attempted to obtain materials from his former attorney that would allow him to diligently pursue this litigation. His failings since that time may, at least in part, be due not to vexatiousness but to ongoing disputes with his former attorney. Finally, the Court believes that the aforementioned conditions imposed on the dismissal of this case sufficiently protect the defendants against the continuation of any unreasonable or vexatious conduct. For these reasons, the Court **DENIES** the motion for sanctions (Doc. 80).

The Clerk of Court is **DIRECTED** to fax this order to Guillen at (787)991-0136 in addition to mailing it to him.

**IT IS SO ORDERED.**
**DATED:  March 8, 2006**

                 s/ J. Phil Gilbert
                 **J. PHIL GILBERT**
                 **DISTRICT JUDGE**